U.S. Department of Justice

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 AUG 21 P 3: 34

CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

United States Attorney
District of Maryland
Northern Division

Rod J. Rosenstein
United States Attorney

Mushtaq Z. Gunja
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

410-209-4800
TTY/TDD:410-962-4462
410-209-4988
FAX 410-962-3091
Mushtaq.Gunja@usdoj.gov

July 26, 2012

David Solomon
201 North Charles Street
Suite 1717
Baltimore, Maryland 21201

    Re: *United States v. Teonya McClurkin*
      Criminal No. JFM-10-554

Dear Mr. Solomon:

  This letter and the Sealed Addendum confirm the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have her execute it in the spaces provided below. If this offer has not been accepted by ~~March 22~~, 2012, it will be deemed withdrawn. The terms of the agreement are as follows:   August 12

### Offense of Conviction

  1. The Defendant agrees to plead guilty to Count One of the Indictment in which she is charged with conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §846. The Defendant admits that she is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

  2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

    A. That two or more persons agreed to distribute and possess with the intent to distribute more than one kilogram of heroin;

    B. That Teonya McClurkin was a party to, or member of, that agreement;

November 2006

**GOVERNMENT EXHIBIT 1**

    C. That Teonya McClurkin joined the agreement or conspiracy knowing of its objective to distribute and possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives;

    D. That the conspiracy occurred in the District of Maryland.

### Penalties

  3. The maximum sentence provided by statute for the offenses to which the Defendant is pleading guilty is a sentence of life, a fine of ten million dollars, and a mandatory term of five years of supervised release. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.[1] If a fine is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if she serves a term of imprisonment, is released on supervised release, and then violates the conditions of her supervised release, her supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Waiver of Rights

  4. The Defendant understands that by entering into this agreement, she surrenders certain rights as outlined below:

    a. If the Defendant had persisted in her plea of not guilty, she would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

    c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, she would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and she would have the right to refuse to testify. If she chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, she would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against her. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that she may have to answer the Court's questions both about the rights she is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against her during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find her guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

## Factual and Advisory Guidelines Stipulation

  5. This Office and the Defendant understand, agree and stipulate to the following statement of facts which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

### Statement of Facts

From at least 2003 and continuing through in or about September 2010, in the District of Maryland, the Defendant, Teonya McClurkin did knowingly and wilfully combine, conspire, confederate and agree with others known and unknown to knowingly, intentionally and unlawfully distribute and possess with the intent to distribute a kilogram or more of a mixture or

3

substance containing a detectable amount of heroin, a Schedule I controlled substances, in violation of Title 21, United States Code, Sections 846.

In the spring of 2010, agents from the Drug Enforcement Administration applied for, and received permission to intercept Kenyon Harper's phones through the use of a wiretap for suspicion of being a multiple kilogram dealer of heroin. Through information gathered from several confidential informants, Harper was suspected of selling small amounts of heroin to multiple people a day. Some of these confidential informants reported buying one or two grams a day, three or four times a week for a period of several years from Harper.

These confidential informants also described their drug dealings with the Defendant, Ms. McClukin. The informants stated that the Defendant was Harper's girlfriend and was very involved in his drug business. When drug addicts and dealers wanted heroin, they would either call Harper or McClurkin, and McClurkin was frequently the person that arranged the sale of the drugs.

Based partially on the surveillance and cooperator information, a wiretap was eventually approved. The phone calls captured on the wiretaps again revealed that Harper and the Defendant. Ms. McClurkin were consistently selling heroin. The phone calls revealed that Harper and the Defendant would sell heroin, typically one gram at a time, for somewhere between $90 and $120 per gram. Harper met some of his customers herself, and sent others to deliver the heroin on other occasions. Ms. McClurkin's part in the conspiracy typically involved directing customers and taking orders on behalf of Harper.

## Guidelines Stipulation

The parties stipulate and agree that pursuant to U.S.S.G. § 2D1.1.(c)(4), the base offense level for distributing between one hundred and four hundred grams of heroin is twenty-six (26). Additionally, under 21 U.S.C. § 841(b)(1)(A)(ii), the defendant faces a term of imprisonment, which may not be less than five years.

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office also agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's acceptance of personal responsibility for his conduct. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

6. The Defendant understands that there is no agreement as to her criminal history or criminal history category, and that his criminal history could alter his offense level if she is a career offender or if the instant offense was a part of a pattern of criminal conduct from which she derived a substantial portion of his income. The parties anticipate that the Defendant will be a Criminal History Category I, and would be eligible for the safety valve if she were to truthfully proffer.

7  This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute, *except the defendant reserves the right to ask for a departure under H2b U.S.S.G. § 5H1.6.*

### Waiver of Appeal

8. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a) The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b) The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (I) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds a sentence above a sentence of 46 months; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below a sentence of 37 months;

   c) Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

   d) The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

9.  The Defendant agrees that she will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (I) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that she may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Entire Agreement

10.  This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Addendum, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and addendum and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this letter, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Mushtaq Gunja
Assistant United States Attorney

I have read this Agreement and Sealed Addendum and have carefully reviewed every part

6

of them with my attorney. I understand them, and I voluntarily agree to them. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

__8-10-12__
Date

__Teonya McClurkin__

I am Teonya McClurkin's attorney. I have carefully reviewed every part of this Agreement and Sealed Addendum with her. She advises me that she understands and accepts their terms. To my knowledge, his decision to enter into this Agreement and Sealed Addendum is an informed and voluntary one.

__8/10/12__
Date

__David Solomon, Esquire__

7